# MANTON CARL *v.* DEPARTMENT OF REVENUE

Plaintiff Manton Carl appeared *in propria persona.*

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision in part for plaintiff and in part for defendant rendered May 13, 1970.

EDWARD H. HOWELL, Judge.

This case involves the fair market value and the farm use value of 240 acres of farmland owned by the plaintiff and located on the Pudding River in Marion County.

The subject property, together with three smaller parcels, was purchased by plaintiff in 1945 for $40,000. Approximately 43 acres consists of tillable benchland and the balance of 197 acres has been characterized by

the parties as bottomland as it lies adjacent to the Pudding River. The bottomland is subject to periodic and sometimes substantial flooding from the Pudding River.

The court viewed the entire property.

The plaintiff raises cattle on the farm and has water rights for the entire 240 acres, although all the land is not irrigated each year. The deputy assessor who made the appraisal for the county agreed that the highest and best use of the bottomland is for pasture.

As of January 1, 1968, the assessment date involved in this appeal, the county board of equalization and the defendant found the true cash value of the property to be $84,560, and the farm use value to be $61,390. As of January 1, 1968, the plaintiff contends that the true cash value should be $40,020, and the farm use value should be $18,658.

In support of the true cash value of $84,560 for the entire property the defendant relied on numerous sales in the northern portion of Marion County. The plaintiff contends that the sales were not comparable and that insufficient consideration was given to the flooding problem.

The defendant's value of $84,560 for the total parcel results in a per acre value of approximately $350. On the other hand the plaintiff's value of $40,020 would result in a true cash value of approximately $165 per acre which in this court's experience is not realistic for land with water rights, even though it is subject

to periodic flooding from Pudding River. The defendant's valuation of $84,560, or $350 per acre, in this court's opinion, properly reflects the true cash value of the subject property as of January 1, 1968.

■ To determine the farm use value of the property in this case it is necessary that the value be determined by using an income approach. ORS 308.345. In so doing it is necessary to use a capitalization rate that reflects the net income which the land or comparable land would return. The county appraiser found that rentals for irrigated tillable cropland ranged from $35 to $45 per acre, and dryland at $20 per acre. He also recognized the peculiar problems of the bottomland because of the flooding.

The difficulty with defendant's rental values is that they are based on a gross rental to the landlord instead of a net rental and the fact that the highest and best use of the bottomland is not for raising grass seed or other crops but for grazing cattle. Obviously the landlord in a typical farm rental will have various expenses including fence maintenance and repair, depreciation and fertilizing, among other items, depending on the rental arrangement. It is difficult to determine a typical or standard net rental because the leasing arrangements vary in almost every instance.

The plaintiff does not disagree with the reasonable rental of $20 used by the defendant for the 43 acres of benchland. He does contend, however, that the bottomland is more expensive to maintain because of the flooding.

It is this court's conclusion that a reasonable net rental for the bottomland would be $15 per acre.

The following are the values that should be assigned to plaintiff's property:

| | | |
|---|---|---|
| True cash value | | $84,560.00 |
| Farm use value: | | |
| 1 acre homesite | $ 1,000. | |
| 42 acres benchland at $20 per acre and using a capitalization rate of 8.5% (6% capitalization rate plus 2.5% tax rate) | 9,882. | |
| 197 acres bottomland at $15 per acre and using same capitalization rate as above | 34,765. | |
| Total Farm Use Value | | $45,647.00 |

## DECISION ON REHEARING

The plaintiff has filed a petition for rehearing in which he disagrees with the farm use value of $15.00 per acre found by the court for the 197 acres of bottomland. He points out that 68.34 acres of the bottomland consists of partially unusable land such as swampy areas, drainage ditches and brush land to which the defendant had assigned a farm use value of $2,086 for the 68.34 acres which is less than the $15.00 per acre found by the court. He accepts the values used by the defendant for part of the 68.34 acres but contends that the farm use value for 39.34 acres of the 68.34 acres should be less than the values used by the defendant.

The former decision of the court is modified to the extent that the farm use value of 68.34 acres of the bottomland is established at $2,086 as found by the defendant. The following are the farm use values for plaintiff's 197 acres of bottomland:

| | |
|---|---|
| 68.34 acres bottomland | $ 2,086 |
| 128.66 acres bottomland at $15.00 per acre | $22,705 |
| Total farm use value of 197 acres bottomland | $24,791 |

The remainder of the petition for rehearing is without merit and is denied.